1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD ADAMS,

11               Plaintiff,              No. CIV S-07-0777 GEB GGH P

12        vs.

13   C. GIBSON, et al.,                 ORDER AND

14               Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is the motion to dismiss for failure to state a claim

18   filed September 28, 2007, on behalf of defendants Gibson, Tennison, Malfi and Read.  In the

19   motion to dismiss, defendants Kernan and Walker request that they be allowed to file their

20   answer after resolution of the motion to dismiss.

21              After carefully considering the record, the court recommends and orders that

22   defendants' motion be granted in part and denied in part.

23   LEGAL STANDARD FOR MOTION TO DISMISS

24              In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

25   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

26   it must contain factual allegations sufficient to "raise a right to relief above the speculative

1

1  level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading

2  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

3  legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

4  Procedure § 1216, pp. 235-236 (3d ed. 2004).

5        In considering a motion to dismiss, the court must accept as true the allegations of

6  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

7  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

8  motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,

9  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume

10  that general allegations embrace those specific facts that are necessary to support the claim.'"

11  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

12  (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

13  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

14  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

15        The court may consider facts established by exhibits attached to the complaint.

16  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also

17  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

18  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

19  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

20  1986). The court need not accept legal conclusions "cast in the form of factual allegations."

21  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

24  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

25  /////

26  /////

DISCUSSION

      A. <u>Plaintiff's Claims</u>

      This action is proceeding on the original complaint filed April 16, 2007, in the United States District Court for the Northern District of California.  On April 24, 2007, the Northern District transferred the action to this court.  Plaintiff alleges as follows in his complaint and attached exhibits.

      Plaintiff is housed at California State Prison-Sacramento (CSP-Sac) where he participates in the Mental Health Services Delivery System (MHSDS) within the Correctional Clinical Case Management System (CCCMS).  Plaintiff alleges that pursuant to the Hot Weather Emergency Plan, heat risk inmates like himself must be returned to their housing units to prevent heat related illnesses when the weather reaches a particular temperature.  This plan was implemented pursuant to the <u>Coleman</u> class action.  "Heat risk inmates" are inmates who take psychotropic medicines which may cause them to suffer illnesses if they are exposed to hot temperatures.

      Plaintiff alleges that as a result of the Hot Weather Emergency Plan, he has been forced to stay in his cell for 24 hours a day for long periods of time.  Plaintiff alleges that during the summer of 2006, he was not allowed outdoor exercise, law library access, canteen access or day room access for three weeks because of the Hot Weather Plan.  Plaintiff also claims that his packages were not delivered during this time.

      Plaintiff alleges that defendants Gibson, Tennison, Malfi and Read reviewed his administrative appeals regarding these issues.

      As legal claims, plaintiff alleges violations of the Eighth Amendment, the Equal Protection Clause and the Due Process Clause.

      B. <u>Analysis</u>

      Defendants move to dismiss plaintiff's Eighth Amendment claims against them on grounds that their only alleged involvement in the alleged deprivations was their review of

1  and denial of his administrative appeals.  Defendants argue that there are no allegations that any

2  of these defendants were involved in the development of the prison heat plan or that any of these

3  defendants had any control over or ability to change the heat plan.

4          Defendants sued in their individual capacity must be alleged to have: personally

5  participated in the alleged deprivation of constitutional rights; knew of the violations and failed

6  to act to prevent them; or implemented a policy that repudiates constitutional rights and was the

7  moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646

8  (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040

9  (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'

10 Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear

11 that not every injury in which a state official has played some part is actionable under that

12 statute."  Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).

13 "Without proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d

14 831, 837 (9th Cir. 1996).

15          The search, which was performed in accordance with this constitutionally valid
           strip search policy, was subsequently ratified by the School Board when Mr.
16         Williams filed a grievance.  Therefore, Williams' only grasp at evoking municipal
           liability under § 1983 is to show that this subsequent ratification is sufficient to
17         establish the necessary causation requirements.  Based on the facts, the Board
           believed Ellington and his colleagues were justified in conducting the search of
18         Williams.  There was no history that the policy had been repeatedly or even
           sporadically misapplied by school board officials in the past.  Consequently, the
19         School Board cannot be held liable for the ratification of the search in question,
           because this single, isolated decision can hardly constitute the "moving force"
20         behind the alleged constitutional deprivation.

21 Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

22          This court is unwilling to adopt a rule that anyone involved in adjudicating

23 grievances after the fact is per se potentially liable under a ratification theory.  However, this is

24 not to say that persons involved in adjudicating administrative disputes, or persons to whom

25 complaints are sometimes made can never be liable under a ratification theory.  If, for example, a

26 reviewing official's rejections of administrative grievances can be construed as an automatic

1  whitewash, which may have led other prison officials to have no concern of ever being

2  reprimanded, a ratifying official may be liable for having put a defective policy in place.

3          Plaintiff alleges that implementation of the Hot Emergency Plan violated his

4  Eighth Amendment rights in that he was denied outdoor exercise for days at a time.  It may be

5  true that defendants are not responsible for creation of the plan or decisions regarding how to

6  implement it.  However, their denial of plaintiff's appeals which upheld the implementation of

7  the plan may have led other prison officials to have no concern of ever having to address the

8  allegedly unconstitutional aspects of the plan.  Accordingly, defendants' motion to dismiss

9  plaintiff's Eighth Amendment claim should be denied.

10          Defendants also move to dismiss plaintiff's due process claim based on their

11  handling of his administrative appeals.  Inmates have no right to an administrative grievance

12  procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (2003).  Accordingly, defendants' motion

13  to dismiss plaintiff's due process claim should be granted.

14          Defendants also move to dismiss plaintiff's equal protection claim.  "The Equal

15  Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any

16  person within its jurisdiction the equal protection of the laws,' which is essentially a direction

17  that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living

18  Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).

19          Defendants argue that plaintiff does not argue that he was treated differently from

20  other similarly situated prisons.  Plaintiff argues that "heat risk inmates" subject to the Coleman

21  plan are treated differently than "non heat risk inmates" who are not subject to the Coleman

22  plan.  Plaintiff is not similarly situated to "non heat risk inmates" who are not subject to the

23  Coleman plan.  Accordingly, plaintiff's Equal Protection claim should be dismissed.

24          Defendants also argue that plaintiff has failed to link defendant Read to any of the

25  alleged deprivations.  The complaint alleges that defendant Read was assigned to investigate

26  plaintiff's claims and appeals.  Complaint, p. iii, ¶ 8.  Defendants argue that neither the complaint

1   nor attachments disclose any involvement by defendant Read in the handling of the appeals.

2          In his opposition to the pending motion, plaintiff claims that defendant Read

3   wrote some of the responses to his appeals.  The appeals attached to the complaint as exhibits do

4   not contain defendant Read's name.  Because the complaint does not adequately describe

5   defendant Read's involvement in the appeal process, the claims against this defendant are

6   dismissed with leave to amend.

7          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

9   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11  there is some affirmative link or connection between a defendant's actions and the claimed

12  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

13  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

14  allegations of official participation in civil rights violations are not sufficient.  <u>See Ivey v. Board</u>

15  <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

20  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22  original complaint, each claim and the involvement of each defendant must be sufficiently

23  alleged.

24         Although defendants did not move to dismiss the Equal Protection and Due

25  Process claims made against defendants Kernan and Walker, the court recommends that these

26  claims made against these defendants be dismissed for the reasons discussed above.  28 U.S.C. §

1    1915(e).

2            Accordingly, IT IS HEREBY ORDERED that:

3            1.  Defendants' September 28, 2007, motion to dismiss is granted as to the claims

4    against defendant Read with leave to amend; plaintiff shall file an amended complaint within

5    twenty days of the district court's adoption of these findings and recommendations; defendants'

6    response to an amended complaint is due thirty days thereafter; plaintiff's amended complaint

7    should not include the Equal Protection and Due Process claims discussed above;

8            2.  If plaintiff does not file an amended complaint, defendants shall file a response

9    to the remaining claims within thirty days of the district court's adoption of these findings and

10   recommendations;

11           IT IS HEREBY RECOMMENDED that:

12           1.  Defendants' September 28, 2007, motion to dismiss be denied as plaintiff's

13   Eighth Amendment claims; defendants' motion to dismiss plaintiff's Equal Protection and Due

14   Process claims be granted;

15           2.  The Equal Protection and Due Process claims against defendants Walker and

16   Kernan be dismissed.

17           These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22   shall be served and filed within ten days after service of the objections.  The parties are advised

23   that failure to file objections within the specified time may waive the right to appeal the District

24   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25   DATED:  04/29/08                                    /s/ Gregory G. Hollows

26   adams.mtd                                            _____
                                                         UNITED STATES MAGISTRATE JUDGE