# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS, ) | 2:07-cv-0777-HDM (RAM) |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | February 9, 2010 |
| ) | |
| C. GIBSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

PRESENT: <u>THE HONORABLE ROBERT A. McQUAID, JR., U.S. MAGISTRATE JUDGE</u>

DEPUTY CLERK: <u>  JENNIFER COTTER  </u>   REPORTER: <u> NONE APPEARING </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a Motion for the Appointment of Counsel (Doc. #36).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to advocate his claims. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The district court exercises discretion in making this finding.

/ / /

/ / /

/ / /

Plaintiff's Motion for the Appointment of Counsel (Doc. #36) is **DENIED**.

**IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                                          By:       /s/
                                                    Deputy Clerk