UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. GIBSON, et al.,<br><br>    Defendants. | No. 2:07-cv-0777 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. The parties have consented to a Magistrate Judge's consideration for all purposes pursuant to 28 U.S.C. § 636 (c). (See ECF No. 60.) Plaintiff claims that, due to the activation of a heat alert[1] at California State Prison-Sacramento, he was confined to his cell and deprived of out-of-cell activities, including outdoor exercise, for a period of ten to twelve days in July 2006, in violation of his Eighth Amendment rights. (ECF No. 84 at 2.) On November 16, 2010, the previously assigned Magistrate Judge granted defendants' motion for summary judgment and ordered this action closed. (ECF No. 84.)

---

[1] CSP-Sacramento has a heat alert program, implemented pursuant to the Coleman class action, that requires all inmates taking predesignated medication to stay in their cells during periods when the outdoor temperature has reached or exceeds ninety degrees because the medications have the known side effect of disrupting the body's ability to effectively regulate body temperature. (ECF No. 84 at 2.)

1

Petitioner appealed the judgment to the United States Court of Appeals for the Ninth Circuit. On August 8, 2012, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction, noting: "To date, the district court has not ruled on appellant's January 3, 2011 and January 11, 2011 motions for reconsideration of the November 16, 2010 judgment. . . . This dismissal is without prejudice to the filing of a timely notice of appeal, if necessary, from any subsequent district court order(s) on the currently pending motion." (ECF No. 102.)

As this case was recently reassigned to the undersigned, all pending motions are resolved as follows:

I. <u>Plaintiff's Late-Filed July 2010 Motion to Compel Discovery</u>

On July 5, 2010, plaintiff signed (and thus constructively filed) a motion to compel discovery in this action. Due to a widespread delay in processing inmate legal mail at CSP-Sacramento, this motion was not docketed until April 17, 2012. (ECF No. 97.) Plaintiff's motion was constructively filed in the following context:

On February 1, 2010, plaintiff filed an initial motion to compel (ECF No. 43), which was granted in part and denied in part at a hearing on February 25, 2010 (ECF No. 51). The court ruled, in relevant part:

> Request No. 2: institutional outside temperature logs for the Months of April 2006 through September 2006 for B-Facility. According to a memo dated May 3, 2005 with regard to a Heat Implementation Plan, inside temperature logs, outside temperature logs, medical logs and weekly lists were to be maintained from May 1, 2005 through October 31, 2005. Copies of the inside temperature logs have been provided to the Plaintiff, so the facility should have outside temperature logs. IT IS ORDERED that the Deputy Attorney General shall point out the memo from 2005 to the facility and that facility shall make an effort to find the logs in question. If the facility insists that it did not maintain those records, the Deputy Attorney General shall obtain an affidavit from the facility stating that it did not retain those records.
>
> . . .
>
> Request No. 5: institutional heat incident logs for B-Facility for the month of May 2006 through October 2006. . . . The Court's ruling as to Request No. 2 applies to this request. If the logs do exist and they contain information as to other inmates, they are to be produced in redacted form.
>
> . . .

IT IS ORDERED that the Defendants shall have two weeks in which to comply with this Court's orders as stated above.

(ECF No. 51.)

On March 11, 2010, defendants filed a response to the February 25, 2010 order. They produced certain documents and stated that others could not be located. (ECF No. 55.)

On March 23, 2010, plaintiff filed a "response" to defendants' production (effectively a second motion to compel), arguing that certain heat alert logs produced by defendants were illegible. (ECF No. 59.) On April 19, 2010, plaintiff filed another brief arguing that defendants failed to produce documents as required by the February 25, 2010 order. (ECF No. 67.) Defendants filed a second opposition. (ECF No. 69.)

On May 17, 2010 and June 2, 2010, the court held telephonic hearings on the subject of plaintiff's second motion to compel. (ECF Nos. 73, 77.) At the June 2 hearing, the court ordered that plaintiff be provided with "legible copies of the heat alert logs as discussed." (ECF No. 77.) On June 3, 2010 defendants filed further discovery responses, discussed below. (ECF No. 76.)

On July 5, 2010, plaintiff constructively filed the motion to compel that is now before this court. (ECF No. 97.) On November 16, 2010 the court granted defendants' motion for summary judgment. (ECF No. 84.)

In his late-filed motion, plaintiff asserts that defendants did not sufficiently respond to orders requiring them to produce legible copies of the heat alert logs. Attachments to the motion indicate that, on June 3, 2010, in response to the court's orders of February 25 and June 2, 2010, defendants produced legible copies of Daily Operational Logs for CSP-Sac from July 3 through July 9, 2006. The logs indicate the times at which heat alerts were activated and deactivated, but are otherwise largely redacted. (ECF No. 97, Ex. A at 9, 13-21.[2]) Plaintiff asserts that "these were not all the documents" defendants were required to produce. (ECF No. 97 at 4.) He attaches copies of poor-quality photocopies of Daily Operational Logs from other dates in 2006, which defendants apparently did not replace with better copies. (Id., Ex. A.) Plaintiff also complains that defense counsel "redacted information from the 9 documents" that were provided. (Dkt. No. 97 at 4.) Characterizing defendants' June 3 production as an attempt to "circumvent

---

[2] Page citations refer to page numbers assigned by the court's docketing system.

this court['s] order," he seeks monetary sanctions from defendants.  (Id. at 5.)

        Lacking detailed minutes of the June 2, 2010 hearing, it is difficult for the undersigned to determine whether defendants' June 3, 2010 production to plaintiff was consistent with the previous day's order.  (See ECF No. 77 ("Plaintiff will be provided with legible copies of the heat alert logs as discussed.").)  The fact that defendants produced redacted versions of the July 2006 logs does not appear problematic on its face, in light of the court's earlier ruling that if the requested logs "contain information as to other inmates, they are to be produced in redacted form."  (ECF No. 51.)

        As to plaintiff's apparent contention that defendants were ordered at the June 2, 2010 hearing to produce better-quality copies of logs from dates other than July 3 through July 9, 2006, the undersigned has no opinion.  However, as plaintiff's allegations concern his lack of outdoor exercise for a period of ten to twelve days in July 2006, it is not clear why heat logs for dates outside July 2006 would be relevant.

        At any rate, given the content of the documents plaintiff seeks, it is not necessary for this court to rule on the merits of plaintiff's late-filed motion and/or reopen this case for the purpose of providing plaintiff with additional discovery.  Even if plaintiff were to receive legible copies of CSP-Sac's Daily Operational Logs for several months in 2006, they could not cast doubt on the ultimate grant of summary judgment for defendants.  In that order, the Magistrate Judge stated:

> In light of the undisputed fact that Plaintiff was only temporarily deprived of outdoor exercise for a period of ten to twelve days as a result of the activation of a Heat Alert and because Plaintiff failed to present evidence of any medical effect of the deprivation, the court finds that Defendants have satisfied the objective prong of the Eighth Amendment deliberate indifference standard as a matter of law.
>
> . . .
>
> This matter is replete with evidence revealing that the restrictions on out-of-cell activity were instituted for the primary purpose of protecting the health and safety of Plaintiff and similarly situated inmates.  Plaintiff has not presented evidence to refute Defendants' explanations as to the circumstances and motivations underlying the Heat Alert program.
>
> . . .

> Plaintiff has not come forward with any evidence to counter Defendants' overwhelming evidence that the period of restriction on out-of-cell activities was a necessary reaction to excessive temperatures. There is simply no evidence before the court which supports Plaintiff's claim that Defendants' actions were the product of any 'deliberate indifference.'

(ECF No. 84 at 7-9.) The additional heat logs sought in plaintiff's pending motion to compel could not call into question any of the above findings. They would be silent on any medical effect suffered by plaintiff, for example, or the fact that plaintiff was deprived of outdoor exercise for a period of less than two weeks. Because its resolution would not affect the final outcome of this case, the undersigned will deny plaintiff's pending motion to compel as moot.

II. Plaintiff's January 2011 Motions for Reconsideration

On January 3, 2011, plaintiff filed objections to the November 16, 2010 order granting defendants' motion for summary judgment. (ECF No. 88.) Similarly, on January 11, 2011, plaintiff filed a memorandum of points and authorities arguing that summary judgment was improperly granted against him. (ECF No. 89.) In its August 8, 2012 order, the Ninth Circuit construed these filings as "motions for reconsiderations of the judgment" not previously addressed by the district court. (ECF No. 102 at 2-3.)

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Plaintiff does not present newly discovered evidence suggesting that defendants' motion for summary judgment should not be granted. Furthermore, the court finds that, after a de novo review of this case, the November 16, 2010 order is neither manifestly unjust nor clearly erroneous. Thus the court will deny plaintiff's January 2011 motions for reconsideration.

III. Plaintiff's December 2012 Motion for Hearing

On December 19, 2012, plaintiff filed a motion requesting a ruling on all pending motions as described in the Ninth Circuit's order of August 8, 2012. (ECF No. 107.) As the court

addresses these motions herein, it will deny this request as moot.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's January 2011 motions for reconsideration (ECF Nos. 88 and 89) are denied;

2. Plaintiff's April 17, 2012 motion to compel (ECF No. 97) is denied as moot; and

3. Plaintiff's December 19, 2012 motion for hearing (ECF No. 107) is denied as moot.

Dated: May 28, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
adam0777.ord